# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

### FOURTH DISTRICT—JULY TERM, 1880.

## JOHN G. IRWIN, adm'r,
### v.
## AMOS ATKINS ET AL.

PAYMENT.—A mere promise by a debtor to pay the note of his creditor given to a third party, and in this manner liquidate his own debt, does not release the debtor from his obligation to pay the note held against him, and is no defense to an action brought upon such note, without showing also that the debtor has performed his promise, either by payment or cancellation of the assumed debt.

APPEAL from the Circuit Court of Madison county; the Hon. W. H. SNYDER, Judge, presiding. Opinion filed August 13, 1880.

Messrs. KROME & HADLEY, for appellant; that the mere giving of a promissory note does not extinguish the original cause of action, cited Morrison v. Smith, 81 Ill. 221; Miller v. Lumsden, 16 Ill. 161; McConnell v. Stettinius, 2 Gilm. 707.

Messrs. WISE & DAVIS, for appellees; cited White v. Campbell, 25 Mich. 468; Ashley v. Hill, 6 Conn. 246;

Niles v. Harmon, 80 Ill. 396; Straubher v. Mohler, 80 Ill. 21; Bull v. Harris, 31 Ill. 489; Sutphen v. Cushman, 35 Ill. 186; McClellan v. West, 70 Pa. St. 183, 2 Greenlf. Ev. § 128; Throop v. Sherwood, 4 Gilm. 92; Holmes v. DeCamp, 1 Johns. 34; Forrester v. Alanson, 1 Tenn. 479; Fitch v. Haight, 4 Scam. 51; Brown v. Hagerty, 26 Ill. 469.

WALL, P. J.    This was an action of assumpsit brought by appellants against the appellees upon a promissory note given by the latter to Josiah K. Gillham, administrator of John Gillham, deceased, for property purchased at administrator's sale.    The note is for $470, bears date May 2nd, 1870, and is signed by Atkins, who was principal, and by Job, who was surety. The note was offered in evidence by the plaintiffs.    The testimony shows that in October, 1872, Josiah K. Gillham made affidavit before a justice of the peace that he had lost this note and two others, which were signed by Atkins, but not by Job. It seems that this affidavit was made at the suggestion of Job, who was urging the collection of the note on which his name appeared, and that Gillham supposed Atkins would pay upon presentation of the affidavit.    It next appears that in February following Atkins and Gillham met at the house of Mr. D. Moore, where they had a settlement of various matters and accounts, including these notes, and that it was agreed among other things that Atkins would "become paymaster" to the trustees of schools, etc. for two notes amounting to $490 which had been executed by the deceased, John Gillham, in his life-time, and that this being done should be in full discharge of the note in suit, and it having been lost, the affidavit above referred to, which had been made in October, was surrendered in lieu of it, as was understood by the witness Moore, who was present at the time.    The details of the settlement are not given, nor is it shown when the school notes were to be paid, or in what way, except that Atkins said he would give his own note, with good security, to the trustees.

It appears next that sometime after this, but the date is not given, Atkins paid to the trustees $47 as interest upon the John Gillham notes, and that in the fall of 1874 he tendered to the

trustees his note, secured by mortgage, in lieu of the John Gill-ham notes, but they, deeming the security not sufficient, declined it and enforced payment of their debt from the estate of John Gillham, deceased, in December, 1874. Upon this state of facts the court found for defendants below, and the question is presented here whether any valid defense was shown.   If Atkins was released from the note, the court de-cided correctly, but if there was no valid release, the judg-ment should have been for the plaintiff.   There is no con-flict in the evidence, and the point for decision is, what is the legal effect of the transaction?   On the part of appellees it is urged that the liability on the note was merged in the new agreement to pay the notes held by the trustees, and the only remedy is by a special action against Atkins for failing to make good this undertaking.   Appellants contend that it was but a conditional agreement, and that the discharge of the note held by the trustees was a condition precedent to the release of the note in suit.

The agreement by Atkins to pay the debt, by assuming the notes held by the trustees, was at most but another promise to pay his own debt in another way.   There is no evidence that any extension of the time was given, and the transaction was, in substance, only an agreement that, if the estate of John Gillham should be released of the debt to the trustees, the note of Atkins should be thereby released.   It is not reasonable to suppose that J. K. Gillham would have surrendered his note on Atkins and Job for the mere promise of Atkins to pay the debt to the trustees.   The evidence does not require us to take this view, and we cannot believe such was the intention of the parties.   On the contrary, we think it evident such was not the intention, and that it was clearly understood that the pay-ment of the John Gillham debt, or its cancellation by the giving of satisfactory paper in its stead, was a condition pre-cedent to the discharge of the note sued on.

It is urged that the affidavit was made, and surrendered in place of the note, because the latter was lost, and the witness, Moore, does state that he so understood it; yet he does not give the language used, and at best this is only his conclusion.

He, however, says that it was a part of the settlement, that "Atkins was to pay the $490 note to the School Board, and that would be a payment of the $470 note." But if the affidavit was surrendered in place of the note, because the latter was lost, it would not preclude a recovery, if we correctly understand the evidence as showing that the arrangement was conditional, and that the note was to be discharged only upon he performance of the condition.

It is further urged that Job was led to believe that his obligation was canceled, and that after such lapse of time the plaintiffs should be estopped from asserting the contrary. The record is barren of proof that Job gave the subject any consideration or knew anything of the proceedings subsequent to the making of the affidavit in October, 1872. There may be facts which would work an estoppel, but they are not apparent in the case as it is now presented. The judgment is reversed and the cause remanded.

Reversed and remanded.